NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENISE R. SMITH, | : |
| Plaintiff, | : |
| v. | : Civil No. 20-9120 (RBK/AMD) |
| SHERLETTE NADINE SMITH, *et al.*, | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Amended Complaint (Doc. No. 5 ("FAC")) filed by Plaintiff Denise R. Smith. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court is required to screen her pleadings and *sua sponte* dismiss any claims that would not survive a motion to dismiss for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In compliance with this requirement, on July 22, 2020, the Court *sua sponte* dismissed her Complaint (Doc. No. 1), but granted Plaintiff leave to file an amended complaint. The Court now reviews Plaintiff's Amended Complaint pursuant to Section 1915(e)(2)(B) and finds that it too must be **DISMISSED**.

**I.   BACKGROUND**

The Court assumes that its readers are familiar with its July 22 Opinion and Order (Doc. Nos. 3,4). To recap, Plaintiff brought suit against her wife, Sherlette Nadine Smith, and a host of state and local officials, principally alleging that they conspired to pressure Plaintiff to drop a criminal complaint she had filed against Sherlette after Sherlette violently strangled her. *See Smith v. Smith*, No. 20-9120, 2020 WL 4199782, at *1–2 (D.N.J. July 22, 2020). The Court found that

Plaintiff had failed to sufficiently plead a claim under 42 U.S.C. § 1985(3), and that her claims under 42 U.S.C. § 1983 failed for various reasons, including that certain defendants were entitled to absolute immunity. *Id.* at *3–5. Having dismissed all of her federal law claims, the Court declined to exercise supplemental jurisdiction over her state law claims. *Id.* at *6.

Plaintiff's Amended Complaint mostly presents the same allegations as her initial Complaint, with additional details in a few places. Specifically, Plaintiff names individual Evesham Township Police Department ("ETPD") officers who participated in the alleged conspiracy against her, although she does not name them as defendants. (FAC at ¶¶ 17, 21). Plaintiff also alleges that she is Black and a lesbian, and that the illegal actions of the ETPD stem from the failure of ETPD Chief Christopher Chew to provide proper diversity training to his officers. (*Id.* at ¶ 25). Additionally, Plaintiff has reduced the number of Defendants she is suing; she now seeks redress from Sherlette, Evesham Township, the ETPD, Chief Chew, Burlington County Prosecutor Scott Coffina, Municipal Prosecutor John Dimassi, Phillip Burnham, Ross Gigiliotti, Daniel Rosenberg, and new Defendant Gloria Clarke, who witnessed Plaintiff and Sherlette's wedding. (*Id.* at ¶¶ 3–13).

## II.    LEGAL STANDARD

The Third Circuit has established a two-step process for deciding applications to proceed IFP. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court must evaluate the litigant's financial status and determine whether he or she is eligible to proceed IFP, and second, the Court must screen the litigant's complaint and determine if it should be dismissed. *See Emerson v. Bridgeport Superior Court, Dist. of Fairfield*, No. 11-2662, 2011 WL 3419514, at *2 (D.N.J. Aug. 3, 2011). The Court has already granted Plaintiff's IFP application. (Doc. No. 4).

At the second step, district courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, she is held to "less stringent standards" that she would be if represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Further, the Court is mindful of its "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned it by name." *Rose v. Ortiz*, No.

14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

## III. DISCUSSION

As before, Plaintiff's only federal law claims are under Section 1985(3) and Section 1983. The Court begins by analyzing whether Plaintiff's Amended Complaint cures the defects the Court identified in its previous Opinion with respect to these claims. Finding that the Amend Complaint fails to do so, the Court again declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### A. Section 1985(3)

In order to state a Section 1985(3) claim, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotation omitted). With respect to the second element, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an *identifiable class* and that the discrimination against the identifiable class was invidious." *Id.* at 135 (emphasis added).

Once again, Plaintiff has failed to adequately plead that the conspiracy against her was motivated by class-based animus. Although Plaintiff has alleged that she is Black and a lesbian, she has not alleged that the conspiracy was motivated by animus against Black people, lesbians, or any identifiable combination thereof. Without any such allegations, her claims fails.

### B. Section 1983

4

Plaintiff alleges that all Defendants violated her Equal Protection and Substantive Due Process rights, incurring liability under Section 1983. Section 1983 "provides a remedy for the violation of rights created by federal law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To make out a Section 1983 claim, "a plaintiff must demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Id*. Plaintiff again fails to state a Section 1983 claim against any Defendant.

> i. *Evesham Township and the ETPD*—Monell *Liability*

To hold a municipal entity, such as a township or a police department, liable under Section 1983, the plaintiff must demonstrate that her rights were violated by a policy or custom of the entity and that such policy or custom was "the moving force" behind the deprivation of her constitutional rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "A policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy, or edict." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (internal quotation omitted). A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Monell*, 436 U.S. at 694. Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a "custom" that will trigger liability under Section 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff's Amended Complaint appears to attempt to state a failure to train *Monell* claim against Evesham Township and the ETPD. In relevant part, the Amended Complaint alleges:

> Plaintiff has been told on more than one occasion by The Defendant ETPD that her address was "profiled" and Plaintiff has been treated differently under the same circumstances as her neighbors who are white and non LGBTQ. Plaintiff has been targeted by The ETPD on prior occasions that were reported to Internal affairs and

> Chief Christopher Chew has not changed his department with appropriate training in biased crimes as well as diversity.

(FAC at ¶ 25).

When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons whom those employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (internal quotation omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). Finally, the plaintiff must show a "causal nexus" between the training deficiency and her injury. *Thomas*, 749 F.3d at 226 (internal quotation omitted) (explaining that "the causation inquiry focuses on whether the injury could have been avoided had the employee been trained under a program that was not deficient in the identified respect" (internal quotation omitted)).

Even assuming that Chief Chew is a "policymaker" for *Monell* purposes, Plaintiff's failure-to-train theory still fails. While Plaintiff alleges that the ETPD has treated her differently than her neighbors in the past, this conclusory allegation fails to establish a pattern of prior constitutional violations. Further, because Plaintiff is alleging that the ETPD and its officers were intentionally attempting to intimidate her into dropping her criminal complaint against Sherlette, it is unclear how diversity training could have abated Plaintiff's injury. As such, Plaintiff has failed make the necessary showing on the deliberate indifference and the causation prongs of her failure-to-train theory.

    ii.   *Chief Chew—Supervisory Liability*

The Court previously denied Plaintiff's claims against Chief Chew because her Complaint did not indicate that he was personally involved in any of the allegedly illegal actions taken by ETPD officers against her. *See Smith*, 2020 WL 4199782, at *4 (citing *Iqbal*, 556 U.S. at 676). As discussed above, Plaintiff's Amended Complaint alleges that she reported previously instances of ETPD misconduct to Internal Affairs and that Chief Chew failed to act. (FAC at ¶ 25). Given these new allegations, Plaintiff appears to be pursuing a "knowledge and acquiescence" theory of personal involvement. *See Hayes v. Gilmore*, 802 F. App'x 84, 87 (3d Cir. 2020) (noting that "[p]ersonal involvement 'can be shown through allegations of personal direction or of actual knowledge and acquiescence'" (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988))). The Third Circuit's "knowledge and acquiescence" caselaw requires a defendant to have actual, personal knowledge of the violation—constructive knowledge does not suffice. *See Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff's allegations are insufficient to sustain a knowledge and acquiescence theory for two reasons. First, Plaintiff only alleges that she made her complaints to Internal Affairs, not to Chief Chew himself, and she does not allege that Internal Affairs ever directly presented these complaints to Chew. *See Rode*, 845 F.2d at 1208 (holding that allegations of grievances filed with the Governor's office were insufficient to establish that the Governor himself had actual knowledge of their contents). Second, Plaintiff does not plead that these complaints related to the actions of the conspiracy which are the subject of the instant action. Thus, Plaintiff has not adequately alleged that Chew had actual knowledge of the conspiracy against her, much less that he acquiesced in it.

   iii. Remaining Defendants

The Amended Complaint contains no new allegations against Sherlette, Burnham, Gigliotti, Rosenberg, Coffina, or Dimassi that affect the Court's reasons for finding Plaintiff's Section 1983 against them inadequate. *See Smith*, 2020 WL 4199782, at *5–6 (dismissing Plaintiff's claims against these Defendants). Similarly, the Court finds that Plaintiff has failed to state a Section 1983 claim against Clarke; the only non-conclusory allegation pertaining to Clarke is that she witnessed Plaintiff and Sherlette's wedding, which does not give rise to liability under Section 1983. (FAC at ¶ 13).

### C. State Law Claims

With dismissal of all of Plaintiff's Section 1985 and Section 1983 claims, only her state law claims remain. The Court does not have original jurisdiction over these claims and may only hear them through its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. But the Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). No such affirmative justification is apparent here. Consequently, these claims must also be dismissed, without prejudice to refiling in a court of competent jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Section 1985 and Section 1983 claims are **DISMISSED WITHOUT PREJUDICE** and her state law claims are **DISMISSED WITHOUT PREJUDICE** to refiling in a court of competent jurisdiction.

Plaintiff has leave to file a second amended complaint, compliant with Federal Rule of Civil Procedure 8(a) and this Opinion, on or before August 20, 2020. An Order follows.


Dated: 8/06/2020                               /s/ Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge