NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| DENISE R. SMITH, | |
| Plaintiff, | |
| v. | Civil No. 20-9120 (RBK/AMD) |
| | **OPINION** |
| SHERLETTE NADINE SMITH, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Second Amended Complaint (Doc. No. 8 ("SAC")) filed by Plaintiff Denise R. Smith. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court is required to screen her pleadings and *sua sponte* dismiss any claims that would not survive a motion to dismiss for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In compliance with this requirement, on July 22, 2020, the Court *sua sponte* dismissed her Complaint (Doc. No. 1), but granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint (Doc. No. 5), which the Court *sua sponte* dismissed on August 6, 2020, again granting Plaintiff leave to amend. The Court now reviews Plaintiff's Second Amended Complaint pursuant to Section 1915(e)(2)(B) and finds that it must be **DISMISSED**.

I.  BACKGROUND

The Court assumes that its readers are familiar with its July 22 Opinion and Order (Doc. Nos. 3,4) and its August 6 Opinion and Order (Doc. Nos. 6,7). Plaintiff has substantially narrowed the scope of this lawsuit, as she now only names her wife, Sherlette Nadine Smith, and her wife's

1

friend, Gloria Clark, as defendants. (SAC at ¶¶ 3–4). Plaintiff and Sherlette were married on December 31, 2018, with Clarke serving as a witness. (*Id.* at ¶ 5). Prior to their marriage, Plaintiff alleges that Sherlette married Anthony Elmore in order to gain United States citizenship, and later entered into a sham marriage with Carig Seiferth so that he could also gain United States citizenship. (*Id.* at ¶¶ 6–7). Plaintiff claims that Clarke aided Sherlette in perpetrating these acts of marriage fraud. (*Id.* at ¶ 8).

On July 12, 2019, Sherlette attacked Plaintiff by violently strangling her. (*Id.* at ¶ 11). Plaintiff reported this incident to the police, who arrested Sherlette for assault. (*Id.*). However, on July 25, 2019, Plaintiff was served with a temporary restraining order ("TRO"). (*Id.*). Plaintiff contends that Sherlette caused this TRO to be issued in retaliation for Plaintiff's reporting her attack to the police. (*Id.*).

## II. LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, she is held to "less stringent standards" that she would be if represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Further, the Court is mindful of its "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [Plaintiff has] mentioned it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

## III. DISCUSSION

Plaintiff's Second Amended Complaint brings state law claims for fraud and intentional infliction of emotional distress against Sherlette and Clarke, and for assault and battery against Sherlette only. Plaintiff also purports to bring a claim under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(C)(i) and (E)(ii). Plaintiff contends that her INA claim confers federal-question jurisdiction on this Court pursuant to 28 U.S.C. § 1331. (SAC at ¶ 1).[1]

Section 1182(a)(6)(C)(i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa,

---

[1] Plaintiff also invokes 28 U.S.C. § 1343, but as the Second Amended Complaint does not attempt to state any civil rights claims, it is inapplicable.

other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible," while Section 1182(a)(6)(E)(i) provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try enter the United States in violation of law is inadmissible." If an alien is "inadmissible," they are "ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a).

Plaintiff seems to contend that Sherlette and Clarke violated Section 1182(a)(6)(C)(i) and (E)(i) by perpetrating marriage fraud. Whatever the merits of this contention, it is not Plaintiff's place to enforce the INA. Section 1182 does not provide any explicit private right of action to collect damages for immigration fraud, and courts have almost universally rejected efforts to imply private rights of action to enforce the INA. *See Shah v. New York State Office of Mental Health*, 523 F. App'x 828, 831 (2d Cir. 2013) (finding no private right of action for a violation of Section 1182(a)(5)(A) (citing *United States v. Richard Dattner Architects*, 972 F. Supp. 738, 746 (S.D.N.Y. 1997); *Lopez v. Arrowhead Ranches*, 523 F.2d 924, 926 (9th Cir. 1975); *Flores v. George Braun Packing Co.*, 482 F.2d 279 (5th Cir. 1973); *Chavez v. Freshpict Foods*, 456 F.2d 890, 893–94 (10th Cir. 1972) (holding that "[t]here is no indication that Congress intended to create a private cause of action under the [INA]"))). *But see Vega v. Nourse Farms, Inc.*, 62 F. Supp. 2d 334, 344 (D. Mass. 1999) (finding implied private right of action to enforce the INA's H-2A provisions). Plaintiff offers no evidence that Congress intended to permit private enforcement of Section 1182(a)(6)(C)(i) and (E)(i). *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (holding that because "private rights of action to enforce federal law must be created by Congress," courts must "determine whether [statutes] display[] an intent to create not just a private right but also a private remedy"). Consequently, her INA claim must be dismissed, with prejudice.

With Plaintiff's only federal law claim dismissed, the Court must now decide what to do with her state law claims. While it would be theoretically possible for the Court to exercise diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332, Plaintiff has not pleaded sufficient facts. "A district court has diversity jurisdiction over a case if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties." *Wilmington Savings Fund Society, FSB v. Harvin*, 680 F. App'x 144, 145 (3d Cir. 2017). "Complete diversity" means that "no plaintiff can be a citizen of the same state as any of the defendants." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (emphasis added) (noting that "[d]iversity of citizenship must have existed at the time the complaint was filed"). While Plaintiff pleads that she is a "resident" of New Jersey and that Sherlette and Clarke are "residents" of New York, (SAC at ¶¶ 2–4), averments of residency are "jurisdictionally inadequate in [a] diversity of citizenship case." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012). Because Plaintiff does not allege that she is a *citizen* of a different state than Sherlette and Clarke, she fails to satisfy Section 1332's complete diversity requirement.

Consequently, the Court lacks original jurisdiction over Plaintiff's state law claims and may only hear these claims through its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. But the Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). No such affirmative justification is apparent here. Therefore, these claims must also be dismissed, without prejudice to refiling in a court of competent jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's INA claim is **DISMISSED WITH PREJUDICE** and her state law claims are **DISMISSED** without prejudice to refiling in a court of competent jurisdiction. An Order follows.


Dated: 8/18/2020                                         /s/ Robert B. Kugler
                                                                                                         ROBERT B. KUGLER
                                                                                                         United States District Judge